UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASPER L. FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04687-JRS-TAB |
| | ) | |
| NDIATE, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Denying Motions for a Preliminary Injunction without Prejudice**

Plaintiff Jasper Frazier, who is a prisoner currently incarcerated at New Castle Correctional Facility, seeks injunctive relief.

Mr. Frazier's motions for a preliminary injunction, dkt. [10], dkt. [44], dkt. [61], dkt. [71], and dkt. [78] are **denied without prejudice** as premature. Preliminary relief is not yet available to the plaintiff because "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669, 672 (7th Cir. 2013) (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)); *see Audio Enters., Inc. v. B & W Loudspeakers*, 957 F.2d 406, 410 (7th Cir. 1992) (holding that because "[s]ervice of process was never complete," the district court "lacked personal jurisdiction over the defendants" and was therefore "without jurisdiction to enter [a] preliminary injunction"). Once the defendants have appeared and answered the complaint, the plaintiff may renew his request for injunctive relief.

The Court further notes that the claims proceeding in this case are Mr. Frazier's claims that defendant NDiate placed him in an unsanitary cell and, on one occasion, denied him pain medication. Dkt. 75. All other claims have been dismissed as not properly joined to this claim. *Id.*

Mr. Frazier's motion for a preliminary injunction, dkt. [10], contains a variety of allegations not related to the claims that are proceeding in this case. In addition, that motion does not show that Mr. Frazier has met the requirements for preliminary relief. "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* The claims that are proceeding are based on conditions Mr. Frazier experienced in 2019. He has not shown that he is still being held in the unsanitary cell or that the defendant is still denying his medication. He therefore at least has not shown through his motion that he will suffer irreparable harm if his motion for injunctive relief is not granted.

Next, Mr. Frazier's motion for a preliminary injunction alleging that he has been denied access to the courts, dkt. [44], and his motion to inform asking the Court to issue an order to stop phone harassment, dkt. [71], are not related to these claims. Any request for injunctive relief must necessarily be tied to the specific claims on which plaintiff is proceeding in this case. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted

finally."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

Mr. Frazier's motion, dkt. [61], also appears to be related to a separate incident of alleged misconduct. He asks that the Court order the defendants to stop retaliating against him. It is unclear from this motion whether it is directed to the claims in this case. In addition, the Prison Litigation Reform Act ("PLRA") provides: "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). "This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.'" *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). This kind of request for relief is too broad to satisfy the requirement of the PLRA that the relief is narrowly drawn to correct the harm alleged.

Finally, in his most recent motion, dkt. [78], Mr. Frazier seeks injunctive relief regarding his treatment for pain in his hands. Again, this is not a claim that is proceeding in this case. If Mr. Frazier wants to pursue claims regarding his medical care, he must file those claims in a new lawsuit.

In sum, Mr. Frazier's motions for injunctive relief, dkt. [10], dkt. [44], dkt. [61], dkt. [71], and dkt. [78], are all **denied without prejudice**. Mr. Frazier may renew his request for injunctive relief after the defendant has appeared in his case. If he does so, he should take care to ensure that his request for injunctive relief is related to his claims in this case, satisfies the elements required

for injunctive relief, and requests specific relief that is narrowly tailored to correct the harm he

alleges, as required by the PLRA.

**IT IS SO ORDERED.**

Date: _____6/23/2020_____

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASPER L. FRAZIER
114346
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362